# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| ARNETTA GIRARDEAU, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTH CAROLINA AGRICULTURAL ) <br> & TECHNICAL STATE UNIVERSITY, ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 1:24-cv-388 |

## COMPLAINT

Plaintiff **Arnetta Girardeau** ("Plaintiff" or Ms. Girardeau") by and through her undersigned attorneys at HKM Employment Attorneys, LLP, brings this civil action for relief and damages against Defendant **North Carolina Agricultural & Technical State University** ("Defendant" or "NC A&T") based on the following allegations and causes of action:

## PRELIMINARY STATEMENT

1. Plaintiff Girardeau brings this action to correct unlawful discrimination by Defendant NC A&T under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, and wrongful termination in violation of North Carolina

1

public policy, namely N.C.G.S. §§ 143-422.2 and 168A. Ms. Girardeau, the former associate general counsel at NC A&T, alleges that Defendant terminated her employment because of her ADA-qualifying impairments and because she sought accommodations for those impairments. Ms. Girardeau seeks economic damages, including back pay and lost benefits; non-economic compensatory damages; and attorneys' fees and costs of litigation.

## PARTIES

2. Ms. Girardeau is a citizen of the United States and the State of North Carolina and currently resides in Alamance County, within the Middle District of North Carolina.

3. The unlawful practices alleged herein were committed by NC A&T, an educational institution which is part of the University of North Carolina system and is based in Greensboro, North Carolina, within the Middle District of North Carolina.

4. During the time of the events alleged in this complaint, Ms. Girardeau was employed at NC A&T.

5. NC A&T is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(5)(A), in that it has engaged in an industry that affects commerce and employs more than fifteen (15) employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6. NC A&T is subject to ADA liability for Ms. Girardeau's claim based on her employment by the state of North Carolina. N.C.G.S. § 143-300.35.

## JURISDICTION

7. The Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1343(a) (4) (civil rights action), 28 U.S.C. §1331 (federal question).

8. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367, which entitles Plaintiff to bring a pendent claim for wrongful termination in violation of North Carolina public policy, namely N.C.G.S. §§ 143-422.2 and 168A.

## VENUE

9. Pursuant to 28 U.S.C. §1391(b)(1), the Middle District of North Carolina is the proper venue for the filing and prosecution of this action, in that the Defendant in this case has a principal place of business within the Middle District of North Carolina and because the employment practices and other conduct alleged to be unlawful occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Ms. Girardeau has exhausted her administrative remedies by timely filing a Complaint with the United States Equal Employment Opportunity Commission (EEOC), on January 6, 2023.

11. Ms. Girardeau received a Dismissal and Notice of Rights from the EEOC on February 12, 2024. A copy of Plaintiff's Dismissal and Notice of Rights is attached and incorporated herein.

12. Ms. Girardeau filed the present action within ninety (90) days of receipt of the Right to Sue Notice and has met all administrative prerequisites prior to filing this action.

## FACTUAL ALLEGATIONS

13. Ms. Girardeau, a graduate of Harvard University and the University of North Carolina School of Law, was hired by NC A&T in January of 2022 to serve as associate general counsel.

14. Ms. Girardeau was compensated at a salary of approximately $110,000.00 per year plus funding of a state pension retirement plan and other benefits, including health insurance coverage.

15. Ms. Girardeau's direct supervisor was Deputy General Counsel Sheena Cobrand.

16. When Ms. Girardeau started working for NC A&T, she was permitted to work remotely three days a week and onsite two days.

17. During her employment by NC A&T, Ms. Girardeau suffered from a series of physical impairments including mobility issues related to knee pain, optic strain that limits her capacity to read small fonts, migraines, gastrointestinal issues, and signs of early hearing loss. Ms. Girardeau has also been diagnosed with clinical depression and anxiety.

18. Ms. Girardeau sought and obtained a number of health-based accommodations during her first six months of employment, including permission to convert documents to 18-point font, the installation of ergonomic office furniture, built-in break time, and the latitude for occasional extension on work assignments.

19. These accommodations were not documented at the instruction of Deputy General Counsel Cobrand, who told Ms. Girardeau that it was unnecessary to make a written record or to obtain medical documentation for her accommodations.

20. Ms. Girardeau's initial accommodations were granted without any formal memorialization.

21. Ms. Girardeau, in discussing her accommodations with Cobrand, did not initially link any of her requests to mental health related diagnoses because she had heard disparaging and mocking comments from senior members of the legal department, including Cobrand, about persons who suffer from mental health related impairments.

22. In early August of 2022, NC A&T announced during a departmental retreat that it intended to direct much of its senior level staff to return to full time in-office work since the Covid-19 pandemic had abated.

23. Ms. Girardeau and her treating physicians were concerned that reverting to a full time in-office routine would make it substantially more difficult to manage her medical limitations.

24. On August 3, 2022, Ms. Girardeau initiated her first formal application for accommodations to both Director of Employee Relations Linda Mangum and Cobrand.

25. Ms. Girardeau specifically requested approval for a four-day remote work schedule, a second laptop, the assignment of a staff member to assist with note taking during meetings, and she sought to formalize the accommodations that had been in effect during her first seven months on the job.

26. Ms. Girardeau identified in her accommodation submission several specific conditions: extreme knee joint pain, gastrointestinal illnesses, anxiety, eye strain, hand and wrist issues, and a ringing in the ears sensation that is a sign of early hearing loss. She also stated in an August 8, 2022 meeting with Cobrand and Holloway that she suffered from what she described as an "invisible disability".

27. On or about August 10, 2022, Ms. Girardeau suffered a panic attack while attending what had been described to her as a mandatory back to school pep-

6

rally for students. Her panic attack was witnessed by several of her colleagues in the university's legal department.

28. The evening of the panic attack, Ms. Girardeau emailed Vice Chancellor Melissa Holloway, the General Counsel for NC A&T, a request that she return to full-time remote status on a short-term basis until Labor Day. Holloway denied the request the next day with no follow-up inquiry or request for medical documentation.

29. In the same mid-August 2022 time frame in which she had a public panic attack and submitted requests for accommodations, Ms. Girardeau was verbally admonished by Holloway and Cobrand about two incidents: one on August 12, in which Ms. Girardeau acknowledged that she had difficulty recalling the details of negotiations with a company about a potential promotional contract with the university; another on August 15, when Ms. Girardeau had similar problems remembering whether she had completed a document review several days earlier.

30. Both the August 12 and August 15 incidents should have underscored to Holloway and Cobrand that Ms. Girardeau might have been having problems with immediate recall, concentration, or visualization of her own notes, challenges that aligned with her request for a note-taking assistant. But rather than draw on these episodes to gain more insights into the depths of Ms. Girardeau's health

7

impairments, Cobrand and Holloway chose to dismiss Ms. Girardeau's issues with retaining information as signs of poor performance.

31. On August 18, 2022, Ms. Girardeau was informed that her request for a four day remote work week and note taking assistance had been denied. The university provided little in the way of explanation, and no analysis of why the accommodations she sought posed any manner of burden or hardship on the operations of NC A&T's legal department.

32. The next day, on August 19, Ms. Girardeau was issued a written warning that her job performance had been unsatisfactory.

33. But rather than put in place a performance improvement plan that would have provided a timetable and metrics for improvement, on August 23, 2022, Ms. Girardeau was suddenly notified by Holloway that she was being terminated.

34. NC A&T's decision to fire Ms. Girardeau at a time when she was manifesting signs of the very challenges that led her to seek accommodations is precisely what federal disability discrimination law prohibits: an employer's judgment that health related issues render a capable employee expendable.

35. Defendant's termination of Ms. Girardeau also deprived her of income and health insurance coverage at a time when she needed benefits in order to obtain medical help.

8

36. Ms. Girardeau's treatment by NC A&T in the final month of her employment exacerbated her mental health struggles.

## FIRST CLAIM FOR RELIEF

**(Disability discrimination in violation on the ADA, 42 U.S.C.A. § 12112(a))**

37. Plaintiff realleges and incorporates the factual allegations above as though fully set forth herein.

38. North Carolina has waived sovereign immunity for state institutions for claims under the ADA.

39. Plaintiff suffered qualifying disabilities within the meaning of the ADA that substantially limited major life activities: mobility issues related to knee pain, optic strain that makes reading small font difficult, migraines, gastrointestinal issues, some hearing loss, depression, and anxiety.

40. Plaintiff was able to perform the essential conditions of her employment with reasonable accommodations.

41. Defendant discriminated against Plaintiff by terminating her employment because of her disability.

42. Defendant's discriminatory treatment of Plaintiff was done with malice or reckless indifference to Plaintiff's federally protected rights.

43. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages and benefits, emotional pain

and suffering, embarrassment, and humiliation; and she is entitled to such general and special damages, economic damages, punitive damages, and attorney's fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF

**(Retaliation in Violation of the ADA, as amended, 42 U.S.C. § 12203(a))**

44. Plaintiff realleges and incorporates the factual allegations above as though fully set forth herein.

45. Plaintiff was engaging in activity protected under the ADA, in that she made a request for reasonable accommodations related to her physical and mental disabilities.

46. Defendant retaliated against her for exercising her rights under the ADA by terminating her employment.

47. Defendant's retaliatory conduct was done with malice and with reckless indifference to Plaintiff's state and federally protected rights.

48. As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and humiliation; and she is entitled to such general and special damages, economic damages, punitive damages and attorney's fees and costs as permitted by law.

# THIRD CLAIM FOR RELIEF

## (Wrongful Termination in Violation of Public Policy)

49. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

50. It is the public policy of North Carolina to protect and safeguard the right and opportunity of all persons to hold employment without discrimination on account of handicap or disability, as delineated in the Equal Employment Practices Act, N.C.G.S. § 143-422.2(a) and the North Carolina Persons with Disabilities Protection Act, N.C.G.S. § 168A-1.

51. The Plaintiff was terminated because of her disability in violation of the express public policy of the state of North Carolina.

52. Defendant's wrongful discharge of Plaintiff exhibited willful and wanton conduct, in that Defendant showed a conscious and intentional disregard of and indifference to Plaintiff's protected rights under North Carolina law to be free from discrimination based on handicap or disability. N.C.G.S. § 1D.

53. As a direct and proximate result of Defendant's wrongful discharge, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and humiliation; and she is entitled to such general and special damages, economic damages, punitive damages, and attorney's fees and costs as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendant and order the following relief as allowed by law:

1. Permanently enjoin the Defendant from engaging in said unlawful practices, policies, customs, and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

2. Award Plaintiff compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, emotional distress, pain, inconvenience, mental anguish and loss of enjoyment of life;

3. Award Plaintiff punitive damages for all claims as allowed by law;

4. Attorney's fees and costs of this action;

5. Pre-judgment and post-judgment interest at the highest rate; and

6. Grant such other relief as the Court may deem justified.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted this 7th day of May, 2024.

**HKM Employment Attorneys LLP**

*s/Sunny Panyanouvong-Rubeck*
P. Sunny Panyanouvong-Rubeck

N.C. Bar No. 39966
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
980-300-6630
980-734-3851 (fax)
spanyanouvong-rubeck@hkm.com


**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis[1]

(admitted in Alabama)
ASB-3672-D56A
2024 3rd Ave. North
Suite 212
Birmingham, AL 35203
205-881-0935
adavis@hkm.com

---

[1] Mr. Davis is licensed in the State of Alabama and will promptly file a notice of special appearance in this cause of action.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Greensboro Local Office**
1500 Pinecroft Road,, Suite 212
Greensboro, NC 27407
(336) 604-5180
Website: www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/12/2024

**To:** Arnetta Girardeau
1105 Olympic Drive
Mebane, NC 27302
Charge No: 430-2023-01081

| EEOC Representative and email: | SONYA MOORE<br>Investigator<br>sonya.moore@eeoc.gov |
|---|---|

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 430-2023-01081.

On behalf of the Commission,

Ingrid Waden-Wynn
Local Office Director