IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:24-cv-388

| | | |
|---|---|---|
| **ARNETTA GIRARDEAU,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JOINT RULE 26(f)** |
| **NORTH CAROLINA** | ) | **REPORT** |
| **AGRICULTURAL AND** | ) | |
| **TECHNICAL STATE UNIVERSITY,** | ) | |
| | ) | |
|     **Defendant.** | | |

1. Pursuant to Fed. R. Civ. P. 26(f), a telephonic conference was conducted on June 2, 2025, between Artur Davis and Sunny Panyanouvong-Rubeck on behalf of the Plaintiff, and Lindsay Smith and Laura Dean and on behalf of the Defendant. Said Microsoft Teams conference constitutes the "Initial Attorney's Conference," and all issues prescribed by Local Rule 16.1 (a) were addressed in the initial telephonic conference call conducted between Counsel for the respective Parties, who request the Court to consider the filing of this Joint Rule 26 (f) Report as a Certificate of the Initial Attorney's Conference pursuant to local Rule 16.1 (b).

2. Discovery Plan: The Plaintiff proposes to the Court the following discovery plan:

    a. Initial Disclosures shall be served pursuant to the requirements and exceptions prescribed in Rule 26(a)(l) of the Federal Rules of Civil Procedure June 16, 2025.

    b. Discovery will be needed on the following subjects:

i. Plaintiff's cause of actions, claims and damages;

    ii. Defendant's affirmative defenses asserted in its Answer, and any other defenses that may become applicable revealed during discovery;

    iii. Any other issues relevant to this case raised by any amendments to the pleadings, or through discovery;

    iv. Any other matters that will reasonably lead to the discovery of admissible evidence.

    v. No provision of this Report shall be considered an abrogation or modification of Rule 34 Requests as set forth in Fed. R. Civ. P. 26 (d) (2).

c. <u>Case Management Track Under Local Rule 26.1</u>

   Discovery shall be placed on the case management track established in Local Rule 26.1(a). The Parties assess that the appropriate plan for this case is that designated in LR 26.l(a) as Complex, and that the timeframes and discovery limitations established by the Complex track are appropriate. Interrogatories (including subparts) and requests for admission are limited to 25 in number by each party. Depositions are presumptively limited to seven (7) depositions (including any experts) each by the plaintiff, by the defendant, and by third-party defendants.

    i. The date of completion for all discovery (general and expert) is: January 16, 2026.

    ii. Stipulation modifications to the case management track included: discovery extensions may be appropriate and required in the event the pleadings are amended or parties are added.

iii. Reports from retained experts under Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

- From Plaintiff by November 17, 2025

- From Defendant by December 15, 2025

iv. Supplementation of discovery responses will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. Mediation: Mediation should be conducted late in the discovery period, the exact date to be set by the Mediator after consultation with the Parties. The Parties have agreed to designate the following individual as mediator in this case:

   Asa Bell
   4600 Marriott Drive, #200
   Raleigh, NC 27612

4. Preliminary Deposition Schedule: The Undersigned proposes the following schedule for depositions:

   Counsel for the Parties anticipate that fact witness depositions will be taken after service of responses to Interrogatories, Request for Admissions and Request for Production of Documents by the Parties. Counsel for the Parties will confer and attempt to schedule any depositions on mutually agreeable dates during the discovery period. The Parties will update this deposition schedule at reasonable intervals.

5. Sealed Documents: The parties have discussed whether the case will involve the possibility of confidential or sealed documents, and the Parties address this issue by submitting the following documents, which are incorporated herein by reference:

   a. Local Rule 5.5 Report;

3

Case 1:24-cv-00388-WO-JEP    Document 20    Filed 06/09/25    Page 3 of 7

b. Joint Motion for Entry of Agreed Protective Order;

c. Agreed Protective Order;

d. Acknowledgement and agreement to be bound by the agreed Protective Order.

There are no *pro se* parties in this case.

6. Other Items:

   a. Plaintiff should be allowed until July 31, 2025 to request leave to join additional parties or amend pleadings. Defendant should be allowed until August 29, 2025 to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

   b. Written discovery response times may be adjusted by agreement between the Parties or with leave of Court.

   c. The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the Parties under 29 U.S.C. §636(c), or appointment of a Master. The Parties do not request a referral of this case to a Magistrate Judge under 29 U.S.C. §636(c). The Parties, through counsel, assert that this case is not appropriate for appointment of a Master.

   d. All Dispositive Motions, with the exception of Motions for Judgements on the Pleadings, shall be filed no later than thirty (30) days after the close of the discovery period.

   e. A proposed Pre-Trial Order shall be agreed to by the Parties no later than twenty (20) days prior to the scheduled trial date.

f.  Disclosure of pre-trial exhibits and disclosures shall be served no later than 30 days prior to the scheduled trial date.

g.  Motions in Limine shall be filed fifteen (15) days prior to jury selection, and said Motions shall be heard by the Court prior to jury selection. Prior to jury selection on the date this case is called for trial, or at an earlier date scheduled by the trial judge.

h.  Pre-trial Briefs shall be served five (5) days prior to jury selection.

i.  Trial of this case is expected to take approximately five (5) days. A jury trial has been requested in this case and is anticipated.

j.  The parties agree that any documents not served through the electronic filing system with the court may be served by electronic mail and shall be deemed received on the date the email is sent. Email must be sent to all counsel of record.

k.  The Parties do not request a conference with the Court prior to the entry of this Order.

Respectfully submitted this the 9th day of June, 2025.

**HKM Employment Attorneys LLP**

/s/Sunny Panyanouvong-Rubeck
P. Sunny Panyanouvong-Rubeck
N.C. State Bar No.: 39966
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
Telephone: 980-734-3851
Fax: 980-734-3851
E-mail: spanyanouvong-rubeck@hkm.com

Artur Davis

Alabama State Bar No.: ABS-3672-D56A
2024 3rd Avenue, North Suite 307
Birmingham, AL 35203
Telephone: 205-881-0935
E-mail: adavis@hkm.com

*Attorneys for Plaintiff*

**JEFF JACKSON**
**Attorney General**

/s/Lindsay Vance Smith
Lindsay Vance Smith
Special Deputy Attorney General
N.C. State Bar No.: 48085
NC Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: 919-716-6920
Fax: 919-716-6764
E-mail: lsmith@ncdoj.gov

**The University of North Carolina**

/s/Laura E. Dean
Laura E. Dean
N.C. State Bar No.: 43775
223 S. West Street, Suite 1800
Raleigh, NC 27603
Telephone: 919-962-4551
E-mail: ledean@northcarolina.edu

*Attorneys for Defendant*

6

## CERTIFICATE OF SERVICE

I certify that I have this 9th day of June, 2025 electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

By: */s/Lindsay Vance Smith*
Lindsay Vance Smith
Special Deputy Attorney General